IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 128 MOC WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| PAUL MARTIKAINEN | ) | |
| _____ | ) | |

This matter is before the Court on the Government's Second Request for a Sell Hearing (Doc. 44) and Defendant's Response to the Court's previous Order (Doc. 43). The undersigned conducted a hearing on January 20, 2021. Deputy Criminal Chief Don Gast appeared for the Government. Assistant Federal Public Defender Mary Ellen Coleman appeared for Defendant. Defendant was not present at the hearing and remains housed at Federal Medical Center Butner ("FMC Butner"). The Government indicated that it did not believe Defendant needed to be present for or participate in this hearing. Defense counsel agreed and indicated that, to the extent Defendant did have a right to participate in the January 20, 2021 proceeding, he waived such a right.

I. Government's Second Request for a Sell Hearing (Doc. 44)

    A. Hearing Procedure

The Court inquired of the Government regarding the procedure for the Sell hearing the Government has requested. The Government advised that it would recommend a combined proceeding that addressed simultaneously the

issues of whether Defendant should be hospitalized for an additional period pursuant to 18 U.S.C. § 4241(d)(2)(A) so that Defendant's competency may be restored and whether Defendant should be involuntarily medicated in connection with those restoration efforts. Defense counsel did not object to the Government's request for a hearing and agreed that the procedure described by the Government was appropriate.

Both parties also agreed that they did not see a need for additional briefing prior to the hearing, but that they would like to reserve the right to request leave to submit supplemental briefing following the hearing if necessary.

Having reviewed the matters of record and considered the arguments of counsel, the undersigned finds that a combined proceeding to determine whether Defendant should be committed for an additional period of hospitalization pursuant to 18 U.S.C. §4241 (d)(2)(A) and whether Defendant should be involuntarily medicated in connection with such restoration efforts is appropriate.

### B. Location of Participants

The Court then posed numerous questions regarding where the various participants would be located during the restoration/<u>Sell</u> hearing and how they would appear.

Mr. Gast advised that he would be in the courtroom and that the

Government expected to present approximately four witnesses, two who would appear in person and two who would appear remotely from FMC Butner via video teleconference. The Government further advised that, due to limited video teleconferencing capabilities at FMC Butner, Defendant would be in the same room at FMC Butner with the Government's witnesses and medical staff. Mr. Gast indicated his belief that Defendant was not required to be present physically in the courtroom during the hearing and stated that the Government preferred for Defendant to appear at FMC Butner, though Defendant's attendance could be terminated if he were to be disruptive.

Defense counsel stated that it was her position that Defendant should remain at FMC Butner and not be transported back to this district for a restoration/<u>Sell</u> hearing, in part due to an expected 13 to 15 week wait time for bed space at the facility. Ms. Coleman also indicated that remote appearances from FMC Butner have been conducted in the past. Ms. Coleman further argued that Defendant does have a right to participate in a restoration/<u>Sell</u> hearing, which will involve substantial questions regarding his personal liberty interests, though acknowledged Defendant could be removed if he were to be disruptive.

As for her participation, Ms. Coleman advised that she would prefer to appear with Defendant in person from FMC Butner but that she understood visitation by outside personnel, including attorneys and experts, at FMC

Butner was currently being restricted as a result of the COVID-19 pandemic. In the event she was not able to appear with Defendant from FMC Butner, Ms. Coleman indicated her alternate preference would be for Defendant to appear from FMC Butner remotely as described by the Government and for Ms. Coleman to appear in court, recognizing that such an arrangement would not allow her to communicate confidentially with Defendant if necessary.

During the hearing, the Government corresponded by email with a representative at FMC Butner who advised that, unless there were to be an outbreak of COVID-19, Ms. Coleman would be able to appear in person at FMC Butner with Defendant.

Both parties indicated that while the Court's ability to observe a defendant directly was important during a competency hearing, such direct observation of Defendant in the restoration/Sell proceeding requested by the Government here was not as relevant, since Defendant is currently considered to be incompetent.

In response to questions by the undersigned as to whether authorities had been located supporting the parties' positions, the Government cited one case, United States v. Grape, 549 F.3d 591 (3d Cir. 2008). Defense counsel did not cite any specific authorities.

The undersigned is aware of at least one instance in this division where a Sell hearing was conducted in part by video teleconference and while a

defendant and defense counsel were located at FMC Butner (though in that case the defendant refused to appear for the proceeding personally). See United States v. Stamper, 1:16cr151. The undersigned has also reviewed the case provided by the Government, Grape, as well as other authorities and has considered the positions of the parties on these matters. See e.g., United States v. Algere, 457 F. Supp. 2d 695 (E.D. La. 2005)(concluding that conducting a hearing on the government's motion to involuntarily medicate defendant in which the court would appear by video teleconference while all other participants and witnesses were present in the same place as defendant would not violate any applicable rule or constitutional provision).

Having done so, the undersigned will permit the Government and its witnesses to appear from the courtroom and FMC Butner as described.

The undersigned agrees that Defendant has a significant interest in the restoration/Sell proceedings and, notwithstanding the fact that Defendant has been determined to be incompetent, that he should be given the opportunity to attend the hearing, provided that he does not disrupt the proceedings.

The undersigned further finds that defense counsel should appear with Defendant from FMC Butner.

## II. Defendant's Response to the Court's Previous Order (Doc. 43)

Defense counsel advised that, as stated in her filing, Defendant does not seek a detention hearing at this time but would seek such a hearing if the Court

were to find that an additional period of hospitalization for restoration purposes was not justified. The Government concurred that a detention hearing is not appropriate now though may become appropriate depending on the Court's ruling on the restoration issue.

The undersigned agrees and therefore will defer consideration of a detention hearing until after the question of Defendant's restoration has been addressed.

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Second Request for a <u>Sell</u> Hearing (Doc. 44) is **GRANTED**. The Clerk is respectfully directed to schedule such a hearing in consultation with counsel for the parties at the earliest practical time, given the logistical and travel arrangements that need to be made.

2. To the extent that Defendant's Response to the Court's previous Order (Doc. 43) requests a detention hearing, such a hearing is **DEFERRED** and will be considered, if necessary, following the Court's consideration of the potential restoration of Defendant's competency.

Signed: January 21, 2021

W. Carleton Metcalf
United States Magistrate Judge